IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DEANN WALTER,<br>5138 Dartmoor Place,<br>Frederick, Maryland 21703<br>*an individual*,<br><br>    Plaintiff,<br><br>v.<br><br>PIKE PARK ASSOCIATES LIMITED PARTNERSHIP,<br>2800 Quarry Lake Drive<br>Suite 340<br>Baltimore, MD 21209<br>*a Maryland Limited Partnership*,<br><br>    Defendant. | Case No.: |

## COMPLAINT

Plaintiff, DEANN WALTER ("MS. WALTER"), an individual, by and through her undersigned counsel, hereby files this Complaint and sues Defendant PIKE PARK ASSOCIATES LIMITED PARTNERSHIP, *a Maryland Limited Partnership*, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. §§ 12181 et seq., ("Americans with Disabilities Act" or "ADA") and states as follows:

### JURISDICTION AND PARTIES

1.  This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, et seq., (the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and the Local Rules of the United States District Court for the District of Maryland.

3.  MS. WALTER is a resident of the State of Maryland.

4. MS. WALTER suffers from Multiple Sclerosis (MS) and is disabled. MS. WALTER's disability, at all times material hereto, impairs her ability to walk, a major life activity, and requires her to use a scooter and/or cane to ambulate.

5. Due to her disability, MS. WALTER is substantially impaired in several major life activities.

6. Defendant, PIKE PARK ASSOCIATES LIMITED PARTNERSHIP, is a Maryland Limited Partnership, with its principal office in Baltimore, Maryland. Upon information and belief, Defendant is the record owner, leasor, and/or operator of the place of public accommodation including the real property and improvements which is the subject of this action, to wit: Pike Park Plaza ("the Property") generally located at 6512 Baltimore National Pike, Catonsville, Maryland 21228.  The Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the District of Maryland.

## COUNT I
## (VIOLATION OF TITLE III OF THE ADA)

8. The allegations set forth in the foregoing paragraphs are incorporated by reference as if fully set forth herein.

9. The Property, which is a shopping plaza, is a place of public accommodation and is subject to the ADA.

10. MS. WALTER has visited the Property and plans to return to the Property in the near future.

11. During her visits, MS. WALTER experienced serious difficulty accessing the goods and utilizing the services at the Property due to the architectural barriers discussed herein.

12. Due to these barriers, MS. WALTER was denied and continues to be denied the full and equal enjoyment of the goods and services offered at the Property.

13. MS. WALTER intends to and will visit the Property in the near future to utilize the goods and services it offers, but fears that she will encounter serious difficulty due to the barriers discussed herein which still exist.

14. Defendant has discriminated and continues to discriminate against MS. WALTER in violation of 42 U.S.C. §§ 12181 et seq. and 28 C.F.R. §§ 36.302 et seq. by excluding and/or denying MS. WALTER the benefits of the goods and services located on the Property by failing to provide and/or correct, *inter alia*, the following barriers to access which were personally observed and encountered by MS. WALTER:

   A. Inaccessible parking at the Property due to excessive slopes and pavement in disrepair;

   B. Inaccessible curb ramps due to lack of level landings, excessive slopes, side flares with excessive slopes, a lack of proper handrails, and failure to provide a smooth transition at the bottom of each of these curb ramps;

   C. Inaccessible routes throughout the property due to sidewalks with excessive slopes and lack of handrails particularly near Sports Authority, Beauty 4U, and Alko Clothing & Shoe Outlet;

   D. Inaccessible checkout/service counters throughout the Property due to excessive height; and

   E. Inaccessible pedestrian routes from parking spaces designated as accessible

to the sidewalk curb cuts due to severely sloped routes.

15. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16. Independent of her intent to return as a patron of the Property, MS. WALTER additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on the Defendant.

18. Removal of the barriers to access located on the Property would allow MS. WALTER to fully utilize the goods and services located therein.

19. MS. WALTER has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MS. WALTER is entitled to have her reasonable attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

WHEREFORE, MS. WALTER demands judgment against Defendant and requests the following injunctive and declaratory relief:

> A. That the Court declare that the Property owned, administered and/or operated by Defendant is in violation of the ADA;
>
> B. That the Court enter an Order directing Defendant to alter its facilities to make it accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendant to evaluate and neutralize their policies and procedures towards persons with disabilities and to undertake and complete corrective procedures to the full extent required by the Title III of the ADA;

D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MS. WALTER; and

E. That the Court awards such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

KU & MUSSMAN, P.A.
12550 Biscayne Blvd., Suite 406
Miami, Florida 33181
Tel: (305) 891-1322
Fax: (305) 891-4512
*Attorneys for Plaintiff*

LOCAL COUNSEL:

_____
Brien M. Penn (Fed Bar # 127313)
3060 Washington Road, Suite 260
Glenwood, MD 21738
410-914-7366
443-926-0589 (fax)

5